CHRISTINE NESTOR, Fla. Bar No. 597211
Email: nestorc@sec.gov
RUSSELL KOONIN, Fla. Bar No. 0474479
Email: kooninr@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
Telephone: (305) 982-6300
Facsimile: (305) 516-4154

<u>LOCAL COUNSEL</u>
DONALD W. SEARLES, Cal. Bar No. 135705
Email: searlesd@sec.gov
U.S. Securities and Exchange Commission
444 S. Flower St., Suite 900
Los Angeles, CA 90071
Telephone: (323) 965-3398
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT "Lute" DAVIS, JR., et al.,<br><br>　　　　　　Defendants. | Case No.: 2:18-cv-10481-FMO-JC<br><br>**FINAL JUDGMENT AS TO DEFENDANT CLAUDE STEVEN MOSLEY** |

The Securities and Exchange Commission having filed a Complaint and Defendant Claude Steven Mosley ("Mosley" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

1

# PERMANENT INJUNCTIVE RELIEF

## A.

## Section 5 of the Securities Act of 1933 ("Securities Act")

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**B.**

**Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act")**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

**DISGORGEMENT AND PREJUDGMENT INTEREST**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $627,698.98, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

3

$92,676.30, jointly and severally with Security Financial, LLC; and a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3). Defendant shall satisfy this obligation by paying $820,375.28 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Claude Steven Mosley as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post

4

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Amounts collected shall be applied first to disgorgement, then prejudgment interest, then civil penalty, until the disgorgement, prejudgment interest, and civil penalty amounts in this Final Judgment are fully satisfied; only then shall any amount be applied to post judgment interest. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the

civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## III.
## **INCORPORATION OF CONSENT**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IV.
## **BANKRUPTCY NONDISCHARGEABILITY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## V.
## **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: May 3, 2019

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE