1  BAKER, DONELSON, BEARMAN
   CALDWELL & BERKOWITZ, P.C.
2  Lori H. Patterson (*pro hac vice admission granted*)
   165 Madison Avenue, Suite 2000
3  Memphis, Tennessee 38103
   Phone:  (901) 577-2000
4
   Attorney for Defendants
5  JEFFREY L. WENDEL, WENDEL
   FINANCIAL NETWORK, LLC,
6  RICHARD FRITTS, FRITTS
   FINANCIAL, LLC, GREGORY A. KOCH,
7  KOCH INSURANCE BROKERS, LLC,
   GREGORY W. ANDERSON, and
8  BALANCED FINANCIAL, INC.

9

10                    UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12

13  SECURITIES AND EXCHANGE              Case No.:  2:18-cv-10481
    COMMISSION,
14                                       **JOINT UNOPPOSED MOTION TO**
                            Plaintiff,   **STAY PROCEEDINGS PENDING**
15                                       **DECISION AND INCORPORATED**
    v.                                   **MEMORANDUM OF LAW**
16
    DONALD ANTHONY MACKENZIE,
17  AARON R. ANDREW, JEFFREY L.
    WENDEL, RICHARD FRITTS,
18  MARCUS BRADFORD BRAY,
    GREGORY W. ANDERSON, GREGORY
19  A. KOCH, OLD SECURITY FINANCIAL
    GROUP, INC., PARAMOUNT
20  FINANCIAL SERVICES, INC.,
    D/B/A LIVE ABUNDANT, WENDEL
21  FINANCIAL NETWORK, LLC, A/K/A
    WENDEL RETIREMENT PLANNING,
22  FRITTS FINANCIAL, LLC, BRADFORD
    SOLUTIONS, LLC, BALANCED
23  FINANCIAL, INC., and KOCH
    INSURANCE BROKERS, LLC, and
24  CHARLES N. NILOSEK,
25
                            Defendants.
26

27

28

## **INTRODUCTION**

The remaining Defendants Richard Fritts, Gregory W. Anderson, Jeffrey L. Wendel, Gregory A. Koch, Fritts Financial, LLC, Balanced Financial, Inc., Wendel Financial Network, LLC, Koch Insurance Brokers, LLC, Robert S. Davis, Jr., Donald Anthony Mackenzie, Old Security Financial Group, Inc., Aaron R. Andrew, Paramount Financial Services, Inc., Marcus Bradford Bray, Bradford Solutions, LLC, and Charles Nilosek ("Defendants"), by and through their undersigned counsel, respectfully submit this Notice of Motion and Joint Unopposed Motion for an Order staying this proceeding immediately, including a determination of monetary relief and any and all pre-trial deadlines and discovery, pending the upcoming Supreme Court decision in *Liu v. SEC*. Specifically, the parties file this Joint Unopposed Motion in light of the United States Supreme Court granting a petition for the writ of certiorari in *Liu v. SEC*, No. 18-1501, 2019 WL 5659111, at *1 (U.S. Nov. 1, 2019). The Ninth Circuit previously affirmed this Court's ruling that the SEC has the power to order disgorgement as a legally permissible equitable remedy on the basis that *Kokesh v. S.E.C.*, 137 S. Ct. 1635 (2017) "expressly refused to reach this issue." *Sec. & Exch. Comm'n v. Liu*, 754 F. App'x 505, 509 (9th Cir. 2018). The Supreme Court has granted certiorari ostensibly to issue a ruling on whether the SEC has the authority to obtain disgorgement in actions to enforce the federal securities laws. In support of their Joint Unopposed Motion, Defendants would further show as follows:

## **PROCEDURAL HISTORY**

The SEC in its First Amended Complaint alleges that Defendants served as unregistered brokers and knowingly sold unregistered Woodbridge "securities" to the fiscal detriment of their clients. *See generally* First Am. Compl. As a result, the SEC alleges that Defendants violated both the Securities Act (Count I) and Exchange Act (Count II). *See id*. For these alleged violations, the SEC seeks different categories of remedies including a permanent injunction, disgorgement and prejudgment interest, and civil money penalties. *See id* at Relief Requested. On April 11, 2019, this Court entered

1

judgments against Bray and Bradford Solutions, pursuant to their consents where they neither admitted nor denied the allegations of the Complaint. *See* DE #99 and #100. The judgments enjoined Bray and Bradford Solutions from violations of the Securities Act and the Exchange Act, but left, for a later time, upon motion by the SEC, the determination of the SEC's claims for disgorgement, prejudgment interest, and civil penalties to be decided by this Court.

Further, certain Defendants have since moved to dismiss for lack of subject matter jurisdiction arguing that the subject notes are not "securities." *See* DE #133. On October 15, 2019, this Court entered an Order denying the Motion to Dismiss and deeming the subject notes securities under the federal securities laws. *See* DE #156. Important to this Joint Unopposed Motion, no discovery has been exchanged to date. After conferring with the SEC, the remaining Defendants have agreed to bifurcated settlements, which settle the issue of liability but leave the issue of a money judgment to be decided by this Court. *See* DE #s 99-100; 162-169; 173-178.

## ARGUMENT AND CITATION TO AUTHORITY

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Federal courts in this district routinely exercise their power to stay a proceeding "with the prospect of a potentially contrary and binding appellate decision looming." *Campbell v. Oregon Dep't of State Lands*, No. 2:16-CV-01677-SU, 2017 WL 3367094, at *5 (D. Or. Aug. 4, 2017) (staying matter indefinitely pending Ninth Circuit decision in *Bohmker v. Oregon*). "Such an endeavor would squander judicial resources and present the possibility of inconsistent results." *Id.*; *see also In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 444 (C.D. Cal. 2014) (granting "stipulation to stay the case pending decision by the Ninth Circuit of *Bateman v. American Multi–Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010).")); *In re Apple iPhone 3G Prod. Liab. Litig.*, No. MDL C 09-02045 JW, 2011 WL 6019217, at *1 (N.D. Cal. Dec. 1, 2011) (granting motion to stay proceedings in light of the Supreme Court's then-

2

pending decision in *AT&T Mobility LLC v. Concepcion* because the "Supreme Court's decision in [*Concepcion*] could likely simplify the legal questions in the present case."). Courts in other federal districts are in accord. *See Rose v. Wells Fargo Advisors, LLC*, No. 1:16-cv-562-CAP, 2016 WL 3369283, at *2 (N.D. Ga. June 14, 2016) (staying action pending D.C. Circuit ruling); *Mojica v. Securus Technologies, Inc.*, No. 5:14-cv-5258, 2017 WL 2954413, at *3 (W. Ark. July 11, 2017) (staying proceedings due to the "the risk of issuing dispositive or semi-dispositive rulings and conducting a 2-week trial in reliance on legal authority whose binding effect is called into significant doubt before the trial is even concluded, potentially opening the door for burdensome motion practice on reconsideration of prior orders and even for a new trial").

Additionally, upon motion by a party, and for good cause shown, a "district court may limit discovery 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Harper v. Betor*, 95 F.3d 1157 (9th Cir. 1996) (citing Fed. R. Civ. P. 26(c)); *see also Campbell*, 2017 WL 3367094, at *4 ("The Court finds that not staying this case could burden the parties with the undue hardship of proceeding with litigation, engaging in discovery, and preparing for dispositive motion practice and potentially for trial, all of which could prove wasteful depending on how the Ninth Circuit decides *Bohmker*.")

In line with these cases, the Parties request that this Court stay the remaining portion of this case until ninety (90) days after the resolution of *Liu* in the Supreme Court. In all likelihood, the stay will not be lengthy. The Supreme Court should decide *Liu* before the end of its term in Spring 2020. As a result, there is very little risk of evidence being lost, or witnesses' memories fading because the key evidence comes from the Parties themselves. The Supreme Court's decision in *Liu* could simplify or limit the legal remedies available in this matter. The outcome of *Liu* will impact the question of the SEC's ability to seek disgorgement, which would directly affect this Court's assessment of monetary relief, the only issue remaining in this case. The Parties would suffer prejudice if forced to continue with the remining portion of this case when *Liu* may

ultimately compel this Court to reverse its ruling on damages.  Finally, the interests of judicial economy very strongly favor staying this action pending a decision in *Liu*.  The key remedies at issue here are identical to those before the Supreme Court: whether the SEC has the authority to obtain disgorgement in federal court actions to enforce the federal securities laws.  Allowing the Supreme Court — whose decision will be binding on this Court and the Parties — to decide these issues may save significant judicial resources, efforts and time.  In sum, the Parties and this Court might expend time and resources that might prove to be unnecessarily spent.

## **CONCLUSION**

Pursuant to Local Rule 7-3, undersigned counsel for Defendants have conferred with counsel for the SEC on various dates in December 2019 and January 2020 who stated that they do not oppose the relief sought in this Joint Unopposed Motion.

WHEREFORE, for the foregoing reasons, the Parties respectfully move this Court for an Order staying this proceeding immediately and ordering that the Plaintiff's remedies motion be due ninety (90) days after the issuance the Supreme Court decision in *Liu v. SEC*, No. 18-1501, 2019 WL 5659111, at *1 (U.S. Nov. 1, 2019).

DATED: January 24, 2020                    Respectfully submitted,

/s/ Lori H. Patterson
Mark D. Griffin (*pro hac vice admission granted*)
Lori H. Patterson (*pro hac vice admission granted*)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
First Tennessee Bank Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Phone: (901) 577-2000
Email:  mgriffin@bakerdonelson.com
             lpatterson@bakerdonelson.com

Joshua Tropper (Cal. Bar. 112240)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Monarch Plaza, Suite 1600

3414 Peachtree Road
Atlanta, GA 30326
Phone: (404) 223-2210
Email: jtropper@bakerdonelson.com

*Attorneys for Defendants Richard Fritts,*
*Gregory W. Anderson, Jeffrey L. Wendel,*
*Gregory A. Koch, Fritts Financial, LLC,*
*Balanced Financial, Inc., Wendel Financial*
*Network, LLC, and Koch Insurance Brokers, LLC*

/s/ Jonathan Schwartz
Jonathan Schwartz
Jonathan Schwartz Law Offices
4640 Admiralty Way Suite 850
Marina del Rey, CA 90202
310-496-5770
Fax: 310-496-5771
Email: nasdlaw@aol.com

*Attorney for Robert S. Davis, Jr., Donald Anthony*
*McKenzie, and Old Security Financial Group, Inc.*

/s/ D. Loren Washburn
D. Loren Washburn
Jacob Lex Fonnesbeck
Smith Washburn LLP
500 South Grand Avenue Suite 1450
Los Angeles, CA 90071
213-418-2390
Fax: 213-2399
Email: lwashburn@smithwashburn.com
          jfonnesbeck@smithwashburn.com

*Attorneys for Aaron R. Andrew, and Paramount*
*Financial Services, Inc.*

/s/ Derek C. Anderson
Derek C. Anderson
Gabriel Z. Reynoso

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Susie Youn
Winget Spadafora and Schwartzberg LLP
2440 Junction Place Suite 101
Boulder, CO 80301
720-699-1800
Fax: 720-699-1801
Email: anderson.d@wssllp.com
  reynoso.g@wssllp.com
  youn.s@wssllp.com

*Attorneys for Marcus Bradford Bray and Bradford Solutions, LLC*

/s/ Brian Thomas Corrigan
Brian Thomas Corrigan
Stanley C. Morris
Corrigan and Morris LLP
12300 Wilshire Boulevard Suite 210
Los Angeles, CA 90025
310-394-2800
Fax: 310-394-2825
Email: bcorrigan@cormorllp.com
  scm@cormorllp.com

*Attorneys for Charles Nilosek*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed using the Court's CM/ECF system, which automatically caused a notice of such filing with a link thereto to be transmitted to all counsel of record by electronic mail on the date of filing.

/s/ Lori H. Patterson
Lori H. Patterson (*admitted pro hac vice*)

7