CHRISTINE NESTOR, Fla. Bar No. 597211
Email: nestorc@sec.gov
STEPHANIE N. MOOT, Fla. Bar No. 30377
Email: moots@sec.gov
ANDREW O. SCHIFF, Pa. Bar No. 43641
Email: schiffa@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
Telephone: (305) 982-6300
Facsimile: (305) 516-4154

LOCAL COUNSEL
DONALD W. SEARLES, Cal. Bar No. 135705
Email: searlesd@sec.gov
Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Telephone: (323) 965-3398
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT DAVIS, JR., et al.<br><br>　　　　　Defendants. | CV 18-10481 FMO (JCx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT OLD SECURITY FINANCIAL GROUP, INC.** |

This cause comes before the Court upon the Unopposed Motion by Plaintiff Securities and Exchange Commission for Entry of Final Judgments against Certain

Defendants ("Motion").  By the Consent attached hereto, and without admitting or denying the allegations of the Amended Complaint (except as to subject matter and personal jurisdiction, which are admitted) Old Security Financial Group, Inc. ("Old Security" or "Defendant") has: entered a general appearance; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.  The Court finds that good cause exists for entry of the Final Judgment.  Accordingly, the Commission's Motion is **GRANTED**.  The Court further orders as follows:

## I.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS ORDERED, ADJUDGED, AND DECREED** that Old Security is liable for disgorgement of $105,985.04 representing net profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $26,573.79, and a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act of 1933 ("Securities Act") and Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), for a total of $232,558.82, all jointly and severally with Defendant Donald Anthony Mackenzie.  Defendant shall satisfy this obligation by paying $232,558.83 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph II below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

   6500 South MacArthur Boulevard

   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Old Security as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

  The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

  The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.   Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect

of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## II.

## PAYMENT PLAN

Old Security shall pay the total of disgorgement, prejudgment interest, and penalty due of $232,558.83 in 2 installments to the Commission according to the following schedule:  (1) $160,000 within 3 days of entry of this Final Judgment; and $72,558.83 by December 31, 2021.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Old Security shall contact the staff of the Commission for the amount due for the final payment.

If Old Security fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## III.
## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Old Security shall comply with all of the undertakings and agreements set forth therein.

## IV.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## V.
## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE and ORDERED** in Chambers, Los Angeles  California, this 21st day of January, 2021.

/s/
_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE