1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11  | SECURITIES AND EXCHANGE          )   Case No. CV 18-10481 FMO (JCx)
    | COMMISSION,                      )
12  |                                  )
    |              Plaintiff,          )
13  |                                  )
    |        v.                        )   **FINAL JUDGMENT AS TO MARCUS**
14  |                                  )   **BRADFORD BRAY**
    | ROBERT S. DAVIS, JR., et al.,    )
15  |                                  )
    |              Defendants.         )
16  |  _____     )

17        Pursuant to the Court's Order of December 21, 2021, (Dkt. 214), it is ADJUDGED that

18   plaintiff Securities and Exchange Commission ("Commission" or "SEC") shall be awarded

19   disgorgement and prejudgment interest in the amounts set forth below in § II. and Final Judgment

20   shall be entered as set forth below in §§ III. to V. based on the Consent Judgment signed by

21   defendant Marcus Bradford Bray ("defendant" or "Bray"), (Dkt. 95-1).

22   I.      INCORPORATION OF JUDGMENT.

23        The Consent Judgment entered against defendant on April 11, 2019, (Dkt. 99), is hereby

24   adopted and incorporated by reference with the same force and effect as if fully set forth herein,

25   and defendant shall comply with all of the undertakings and agreements set forth therein.

26   II.     DISGORGEMENT AND PREJUDGMENT INTEREST.

27        Bray is liable for disgorgement of $567,601.31 representing net profits gained as a result

28   of the conduct alleged in the First Amended Complaint, (Dkt. 127), together with prejudgment

1  interest thereon in the amount of $168,418.26 jointly and severally with defendant Bradford

2  Solutions, LLC. Defendant shall satisfy this obligation by paying $736,019.57 to the Securities and

3  Exchange Commission within 180 days after entry of this Final Judgment or the termination of any

4  appellate proceedings (if any), whichever is later.

5  Defendant may transmit payment electronically to the Commission, which will provide

6  detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

7  from a bank account via Pay.gov through the SEC website at

8  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

9  cashier's check, or United States postal money order payable to the Securities and Exchange

10  Commission, which shall be delivered or mailed to:

11  Enterprise Services Center

12  Accounts Receivable Branch

13  6500 South MacArthur Boulevard

14  Oklahoma City, OK 73169

15  and shall be accompanied by a letter identifying the case title, civil action number, and name of

16  this court; Bray as a defendant in this action; and specifying that payment is made pursuant to this

17  Final Judgment.

18  Defendant shall simultaneously transmit photocopies of evidence of payment and case

19  identifying information to the Commission's counsel in this action.  By making this payment,

20  defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of

21  the funds shall be returned to defendant.

22  The Commission may enforce the court's judgment for disgorgement and prejudgment

23  interest by using all collection procedures authorized by law, including, but not limited to, moving

24  for civil contempt at any time after 180 days following entry of this Final Judgment or the

25  termination of any appellate proceedings (if any), whichever is later.

26  Defendant shall pay post-judgment interest pursuant to 28 U.S.C. § 1961 on any amounts

27  due after 30 days from the date of entry of this Final Judgment or the termination of any appellate

28  proceedings (if any), whichever is later.  The Commission shall hold the funds, together with any

interest and income earned thereon (collectively, the "Fund"), pending further order of the court.

The Commission may propose a plan to distribute the Fund subject to the court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an order of the court.

III.    FURTHER PROCEEDINGS.

This Final Judgment resolves only the claims asserted against defendant in this civil proceeding, and that in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, defendant shall not be permitted to contest the factual allegations of the complaint in this action.

IV.    COMPLIANCE WITH 17 C.F.R. § 202.5(e).

Defendant shall comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  In particular, defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) will not make or permit to be made any public statement to the effect that defendant does not admit the allegations of the complaint, or that the Consent contains no admission of the allegations, without also stating that defendant does not deny the allegations. If defendant violates the provisions of § IV., the Commission may petition the court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

V.    REIMBURSEMENT.

Defendant hereby may not, under the Equal Access to Justice Act, the Small Business

1  Regulatory Enforcement Fairness Act of 1996, or any other provision of law, seek from the United

2  States, or any agency, or any official of the United States acting in his or her official capacity,

3  directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended

4  by defendant to defend against this action.  For these purposes, defendant is not the prevailing

5  party in this action since the parties have reached a good faith settlement.

6  VI.   NONDISCHARGEABILITY.

7       Solely for purposes of exceptions to discharge set forth in 11 U.S.C. § 523, the allegations

8  in the complaint are true and admitted by defendant, and further, any debt for disgorgement,

9  prejudgment interest, or other amounts due by defendant under this Final Judgment or any other

10  judgment, order, consent order, decree or settlement agreement entered in connection with this

11  proceeding, is a debt for the violation by defendant of the federal securities laws or any regulation

12  or order issued under such laws, as set forth in 11 U.S.C. § 523(a)(19).

13  VII.   RETENTION OF JURISDICTION.

14       The court shall retain jurisdiction of this matter for the purposes of enforcing the terms of

15  this Final Judgment.

16  Dated this 29th day of December, 2021.

17                                          _____/s/_____

                                              Fernando M. Olguin

18                                        United States District Judge

19

20

21

22

23

24

25

26

27

28

4