# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT S. DAVIS, JR., et al.,<br><br>　　　　Defendants. | Case No. CV 18-10481 FMO (JCx)<br><br>**FINAL JUDGMENT AS TO BRADFORD SOLUTIONS, LLC** |

Pursuant to the Court's Order of December 21, 2021, (Dkt. 214), it is ADJUDGED that plaintiff Securities and Exchange Commission ("Commission" or "SEC") shall be awarded disgorgement and prejudgment interest in the amounts set forth below in § II. and Final Judgment shall be entered as set forth below in §§ III. to V. based on the Consent Judgment signed by defendant Bradford Solutions, LLC ("defendant" or "Bradford Solutions"), (Dkt. 95-3).

I.　INCORPORATION OF JUDGMENT.

The Consent Judgment entered against defendant on April 11, 2019, (Dkt. 100), is hereby adopted and incorporated by reference with the same force and effect as if fully set forth herein, and defendant shall comply with all of the undertakings and agreements set forth therein.

II.　DISGORGEMENT AND PREJUDGMENT INTEREST.

Bradford Solutions is liable for disgorgement of $567,601.31 representing net profits gained as a result of the conduct alleged in the First Amended Complaint, (Dkt. 127), together with

prejudgment interest thereon in the amount of $168,418.26 jointly and severally with defendant Marcus Bradford Bray.  Defendant shall satisfy this obligation by paying $736,019.57 to the Securities and Exchange Commission within 180 days after entry of this Final Judgment or the termination of any appellate proceedings (if any), whichever is later.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; Bradford Solutions as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendant.

The Commission may enforce the court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 180 days following entry of this Final Judgment or the termination of any appellate proceedings (if any), whichever is later.

Defendant shall pay post-judgment interest pursuant to 28 U.S.C. § 1961 on any amounts due after 30 days from the date of entry of this Final Judgment or the termination of any appellate proceedings (if any), whichever is later.  The Commission shall hold the funds, together with any

interest and income earned thereon (collectively, the "Fund"), pending further order of the court.

The Commission may propose a plan to distribute the Fund subject to the court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an order of the court.

III. FURTHER PROCEEDINGS.

This Final Judgment resolves only the claims asserted against defendant in this civil proceeding, and that in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, defendant shall not be permitted to contest the factual allegations of the complaint in this action.

IV. COMPLIANCE WITH 17 C.F.R. § 202.5(e).

Defendant shall comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." In particular, defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) will not make or permit to be made any public statement to the effect that defendant does not admit the allegations of the complaint, or that the Consent contains no admission of the allegations, without also stating that defendant does not deny the allegations. If defendant violates the provisions of § IV., the Commission may petition the court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

V. REIMBURSEMENT.

Defendant hereby may not, under the Equal Access to Justice Act, the Small Business

Regulatory Enforcement Fairness Act of 1996, or any other provision of law, seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by defendant to defend against this action.  For these purposes, defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

VI.     RETENTION OF JURISDICTION.

The court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated this 29th day of December, 2021.

                                                                   /s/
                                    Fernando M. Olguin
                                United States District Judge